

# NUMBER 13-20-00298-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LEONARD EUGENE DURST,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.

## On appeal from the 25th District Court
## of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Leonard Eugene Durst appeals a judgment adjudicating him guilty of committing aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a), (b). The trial court sentenced Durst to five years'

imprisonment.[1] Durst's court-appointed counsel filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.    BACKGROUND

In 2004, Durst pleaded "no contest" to aggravated assault with a deadly weapon. The trial court placed Durst on deferred adjudication community supervision for eight years. During the duration of his community supervision, Durst moved to Uganda for a period of approximately fourteen years. The State filed a motion to adjudicate on October 10, 2007, after Durst had left the country, alleging three violations of the terms of his community supervision. On May 1, 2020, after Durst returned to the country, the State filed an amended motion to adjudicate alleging seven violations of his community supervision, including committing additional offenses and failing to report. Durst pleaded "true" to six of the violations.[2] The trial court found that Durst violated his terms of his deferred adjudication community supervision, adjudicated him guilty, and sentenced him to five years' imprisonment.  This appeal followed.

## II.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, Durst's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's

---

[1] Aggravated assault with a deadly weapon carries a two-to-twenty-year sentence. TEX. PENAL CODE ANN. § 12.33(a).

[2] The alleged violations included: (1) theft of property, (2) possession of a controlled substance, (3) failure to avoid injurious habits, (4) failing to report once per month, (5) failing to complete 240 hours of community service restitution at a minimum of eight hours per month, (6) failing to attend and participate in a Graduate Equivalency Degree (GED) program within 90 days of the judgement, and (7) failing to successfully complete an anger management program. The State abandoned the first violation.

brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Durst's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Durst's counsel also informed this Court in writing that he: (1) notified Durst that counsel filed an *Anders* brief and a motion to withdraw; (2) provided Durst with copies of both pleadings; (3) informed Durst of his rights to file a pro se response, to review the record prior to filing a response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Durst with a form motion for pro se access to the appellate record with instructions to sign and file the motion with the court of appeals within ten days by mailing it to the address provided. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Durst has been provided access to the appellate record. On January 4, 2021, Durst moved for an extension to file his pro se response. However, an adequate time has passed, and Durst has not filed a formal pro se response.

3

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed counsel's brief, Durst's letters, and the entire record, and we have found nothing that would support a finding of reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

On September 16, 2020, Durst filed a letter[3] with the Court suggesting that he did not receive effective assistance of counsel from his "first" lawyer.[4] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (setting out standards on ineffective assistance of counsel claim for failure to call witnesses). Durst claimed he requested evidence and witnesses be brought forward, but his lawyer refused. Durst did not indicate what evidence or witnesses he was referring to, nor is it clear from the record.

---

[3] Although Durst has not filed a formal pro se response, we are construing his letter as such. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[4] Durst had two attorneys representing him during these proceedings: one during his plea for deferred adjudication and another during his motion to adjudicate. It is unclear which attorney he is referring to. However, "a defendant given deferred adjudication community supervision may raise issues related to the plea proceeding only in an appeal taken when the supervision is first imposed." *Riles v. State*, 452 S.W.3d 333, 335 (Tex. Crim. App. 2015). Thus, Durst can only challenge the representation of the attorney who represented him during the motion to adjudicate. *See id.*

4

A plea is not voluntary if it was only entered into due to ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012); *Stubbs v. State*, 533 S.W.3d 557, 567 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd). For a defendant's plea to be involuntary due to ineffective assistance of counsel, the defendant must show: (1) that counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and (2) but for counsel's errors, there was a reasonable probability that the defendant would not have pleaded guilty and would have gone to trial. *Ex parte Tomlinson*, 295 S.W.3d 412, 419 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.); (citing *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999)). The counsel's ineffectiveness must be "so apparent from the record" for an appellant to prevail on an ineffective assistance of counsel appeal. *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003).

Durst made no showing of what errors his counsel allegedly made, nor has he asserted he would not have otherwise pleaded "no contest" or "true," respectively. *See Tomlinson*, 295 S.W.3d at 419. Because there is a strong presumption that a trial counsel's conduct was reasonable and nothing in the record suggests otherwise, a claim to the contrary would be frivolous. *See Anders*, 386 U.S. at 744; *Tomlinson*, 295 S.W.3d at 419.

Furthermore, after reviewing the record, this Court cannot find any additional issues upon which to raise a reasonable appeal. We agree with counsel that the record presents no arguably meritorious grounds for appeal. *See Anders*, 386 U.S. at 744.

## IV.    MOTION TO WITHDRAW

In accordance with *Anders*, Durst's attorney asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Durst and to advise him of his right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## V.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of June, 2021.

---

[5] No substitute counsel will be appointed. If Durst seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.